FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUL 8 PM 1 33

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil Action No. 15-cv-108 |
| COTTONWOOD CREEK, INC., | |
| Defendant. | |

**CONSENT DECREE**

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 1
II. JURISDICTION ..................................................................................................... 2
III. PARTIES BOUND ................................................................................................ 3
IV. DEFINITIONS ...................................................................................................... 3
V. PAYMENT OF CIVIL PENALTY ........................................................................ 4
   Stipulated Penalties ................................................................................................ 5
VI. DISPUTE RESOLUTION .................................................................................... 7
   Informal Dispute Resolution .................................................................................. 7
   Formal Dispute Resolution .................................................................................... 7
VII. NOTIFICATION ................................................................................................. 9
VIII. EFFECT OF SETTLEMENT/ RESERVATION OF RIGHTS ....................... 10
IX. COSTS ................................................................................................................ 12
   Integration and Modifications ............................................................................. 12
   Termination ......................................................................................................... 12
   Retention of Jurisdiction ..................................................................................... 13
   Public Participation ............................................................................................. 13
X. SIGNATORIES/SERVICE .................................................................................. 13
XI. FINAL JUDGMENT .......................................................................................... 14

## I. INTRODUCTION

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed a Complaint in this action against Cottonwood Creek, Inc. ("Defendant") concurrently with this Consent Decree ("Decree") alleging that the Defendant is liable for civil penalties under the Clean Water Act ("CWA"), 33 U.S.C. § 1251-1387, arising from: (1) Defendant's unauthorized discharge of approximately 162 barrels of crude oil on or about March 8, 2010 from Defendant's on-shore crude oil gathering, pumping, and storage station located in Big Horn County, Wyoming (the "Facility"); (2) Defendant's failure to prepare an adequate Spill Prevention Control and Countermeasures Plan ("SPCC Plan") for the Facility; and (3) Defendant's failure to have a Facility Response Plan ("FRP") for the Facility;

WHEREAS, this Decree does not constitute an admission of any facts or liability by Defendant;

WHEREAS, upon being informed by EPA that a FRP was required, Defendant submitted to EPA an adequate FRP;

WHEREAS, Defendant removed from service the gathering line which was the source of the March 2010 discharge;

WHEREAS, Defendant's response to the discharge of oil was prompt and adequate;

WHEREAS, Defendant, no longer owns or operates the Facility;

WHEREAS, to resolve, in accordance with this Decree, the claims asserted in the Complaint regarding alleged violations of the CWA at the Facility, Defendant agrees to pay a sum of one hundred seventy thousand dollars ($170,000);

WHEREAS, the United States and Defendant (the "Parties") recognize, and the Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith, will

avoid litigation between the Parties, and that this Decree is fair, reasonable, and in the public interest.

THEREFORE, before taking testimony and without the adjudication or admission of any issue of fact or law, and with the consent of the Parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to Sections 309(b) and 311(b)(7)(E) and (n) of the CWA, 33 U.S.C. §§ 1319(b) and 1321(b)(7)(E) and (n), and 28 U.S.C. §§ 1331, 1345, and 1355, and also has jurisdiction over the parties.

2. Venue is proper in this District pursuant to Sections 309(b) and 311(b)(7)(E) of the CWA, 33 U.S.C. §§ 1319(b) and 1321(b)(7)(E), and 28 U.S.C. §§ 1391 and 1395(a), because the events giving rise to the claims alleged in the Complaint occurred in this District.

3. For the purposes of this Decree, Defendant agrees that the Complaint filed in this case states claims upon which relief may be granted.

4. Solely for purposes of this Consent Decree, Defendant waives any defenses it might have as to jurisdiction and venue, and without admitting or denying the factual allegations contained in the Complaint, consents to the Court's jurisdiction, venue in this District, and the terms of this Decree. In any action to enforce this Decree, Defendant accepts the Court's jurisdiction over this Decree and consents to venue in this District.

5. To facilitate a resolution, Defendant waives service of the Complaint and summons in this matter pursuant to Fed. R. Civ. P. 4(d).

6. The United States has given notice of commencement of this action to the State of Wyoming as required by Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## III. PARTIES BOUND

7. The obligations of this Decree apply to and are binding upon the United States and upon the Defendant, and any of its successors or assigns.

8. In any action to enforce this Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, consultants, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## IV. DEFINITIONS

9. Terms used in this Decree that are defined or used in the CWA or in regulations promulgated thereunder shall have the meanings assigned to them in such statute or such regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in the Decree, the following definitions shall apply:

   a. "Complaint" shall mean the Complaint filed by the United States in this action;

   b. "Consent Decree" or "Decree" shall mean this Consent Decree;

   c. "Date of Lodging" shall mean the date the signed Decree is filed with the Court;

   d. "Day" shall mean a calendar day. In computing any period of time under this Decree, where the last day would fall on a Saturday, Sunday, or Federal Holiday, the period shall run until the close of business of the next working day;

   e. "Defendant" shall mean Cottonwood Creek, Inc., an Oklahoma corporation with its principal office in Enid, Oklahoma;

   f. "DOJ" shall mean the U.S. Department of Justice and any of its successor departments or agencies;

3

g.  "Effective Date" shall mean the date upon which this Decree is entered by the Court or a motion to enter the Decree is granted, whichever is first, as recorded by the Court's docket;

h.  "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies;

i.  "Facility" shall mean Defendant's on-shore crude oil gathering, pumping, and storage station located in Big Horn County, Wyoming;

j.  "Interest" shall mean interest at the rate specified in 28 U.S.C. § 1961;

k.  "Paragraph" means a portion of this Decree identified by an Arabic numeral ("subparagraph" by letter);

l.  "Parties" shall mean the United States and Cottonwood Creek, Inc.;

m.  "Plaintiff" shall mean the United States;

n.  "Section" shall mean a portion of this Consent Decree identified by a Roman numeral; and

o.  "United States" shall mean the United States of America, acting on behalf of the EPA.

## V. PAYMENT OF CIVIL PENALTY

10.  Within thirty (30) Days of the Effective Date, Defendant shall pay to the United States a civil penalty under CWA Sections 309(d) and 311(b)(7)(C), 33 U.S.C. §§ 1319(d) and 1321(b)(7)(C), of $170,000.00. Defendant shall not deduct any civil penalties paid under this Section in calculating its federal income tax.

11.  The payment due the United States under Paragraph 10 of this Section shall be made by Fedwire Electronic Fund Transfer ("EFT") in accordance with instructions provided by

the Financial Litigation Unit of the United States Attorney's Office, J.C. O'Mahoney Federal Courthouse, 2120 Capitol Avenue, Suite 4000, Cheyenne, WY 82001, Telephone Number (307) 772-2124, following the Effective Date. Such monies are to be deposited in the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9609(b)(8). At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall reference the civil action number assigned to this case and DOJ Case Number 90-5-1-1-11197: (1) by email to CINWD_AcctsReceivable@epamail.epa.gov; (2) by U.S. mail to the EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268, and (3) by U.S. mail to the representatives of the U.S. Department of Justice and EPA designated in Section VII (Notification). Any payment received by the U.S. Department of Justice after 4:00 P.M. (Eastern Time) will be credited on the next business day.

12. If all or any part of the penalty specified in Paragraph 10 is not paid within thirty (30) Days of the Effective Date, in addition to the amount specified in Paragraph 10, Defendant shall pay Interest on any unpaid balance and be subject to stipulated penalties as provided in Paragraph 13 of this Consent Decree.

13. Stipulated Penalties. Defendant shall pay stipulated penalties of $1,500 for each Day the payment required by Paragraph 10 is late.

    a. Defendant shall pay any Stipulated Penalty within thirty (30) Days of receiving a written demand from EPA pursuant to Section VII (Notification).

    b. If Defendant disputes its obligation to pay part or all of any stipulated penalty, it shall initiate the dispute resolution procedures under Section VI (Dispute Resolution).

If Defendant invokes dispute resolution, Defendant shall pay to the United States any amount not in dispute.

      c.      If Defendant fails to pay stipulated penalties according to the terms of this Decree, Defendant shall be liable for Interest on such penalties accruing as of the date payment of stipulated penalties become due under Subparagraph a of this Paragraph 13;

      d.      Stipulated Penalties and Interest shall continue to accrue during Informal and Formal Dispute Resolution. If the dispute is resolved by agreement through Informal Dispute Resolution, Paragraph 16, Defendant shall pay accrued penalties determined by the United States to be owing, together with Interest, to the United States within thirty (30) Days of the effective date of that agreement. If the dispute is submitted to the Court for Formal Dispute Resolution under Paragraph 17, and the United States prevails, Defendant shall pay all accrued penalties as claimed in the United States' Statement of Position submitted pursuant to Paragraph 17, or as determined by the Court to be owing, together with Interest, within thirty (30) Days of entry of the Court's decision or order, as applicable.

      e.      Defendant shall pay stipulated penalties pursuant to the instructions for payment of civil penalties set forth in Paragraph 11 except that the transmittal letter shall state that it is for the payment of stipulated penalties.

      f.      Defendant shall not deduct any stipulated penalties paid under this Paragraph in calculating federal income tax.

14.      Nothing in this Section shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay the civil penalty under Paragraph 10 or any stipulated penalty under Paragraph 13.

## VI. DISPUTE RESOLUTION

15. Unless otherwise expressly provided for in this Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Decree. Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issues as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

16. Informal Dispute Resolution. Any dispute subject to dispute resolution under this Consent Decree shall first be the subject of informal negotiations between the United States and the Defendant. The dispute shall be considered to have arisen when Defendant sends a written notice of dispute to the United States, as provided in Section VII of this Decree (Notification). Such notice of dispute shall state clearly the matter in dispute. The period of informal negotiations shall not exceed thirty (30) Days from the date of the written notice, unless that period is modified by written agreement. If informal negotiations are unsuccessful, then the United States' position shall control unless, within thirty (30) Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution pursuant to Paragraph 17.

17. Formal Dispute Resolution. Defendant shall invoke formal dispute resolution procedures, within the time period provided in Paragraph 16 of this Decree, by serving on the United States as provided in Section VII of this Decree (Notification) a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

18. The United States shall serve its Statement of Position within forty-five (45) Days of receipt of Defendant's Statement of Position. The United States' Statement of Position shall

include, but not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with Paragraph 19.

19. Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section VII of this Decree (Notification), a motion requesting judicial resolution of the dispute. The motion must be filed within thirty (30) Days of receipt of the United States' Statement of Position pursuant to Paragraph 18. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of this Consent Decree.

20. The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

21. In any dispute brought before the Court under Paragraphs 19 and 20 above, the United States' position shall be binding unless the Defendant proves by a preponderance of the evidence that its position complies with the requirements of this Decree.

22. Stipulated Penalties together with Interest shall continue to accrue with respect to the disputed matter from the first Day of non-compliance, but payment shall be stayed pending resolution of the dispute. If Defendant does not prevail on the disputed issue, Stipulated Penalties plus Interest shall be assessed and paid as provided in Paragraph 13.

## VII. NOTIFICATION

23.  Notifications required pursuant to this Consent Decree shall be deemed submitted on the date they are either sent by certified mail, return receipt requested, sent by facsimile transmission with confirmation of receipt, or sent by overnight delivery service with confirmation of receipt. When notification is required by the terms of this Consent Decree, it shall be provided both to the United States Department of Justice and to EPA at the following addresses:

>   As to the United States Department of Justice:
>   Chief, Environmental Enforcement Section
>   Environment and Natural Resources Division
>   U.S. Department of Justice
>   Post Office Box 7611 - Ben Franklin Station
>   Washington, D.C. 20044
>   Reference Case No. 90-5-1-1- 11197
>
>   As to EPA:
>   Director of Technical Enforcement Program
>   Office of Enforcement, Compliance and Environmental Justice
>   U.S. EPA, Region 8
>   1595 Wynkoop Street
>   Denver, CO 80202-1129
>   Attn: Donna Inman (8ENF-UFO)
>   Facsimile: (303) 312 - 6953

24.  When notification is required by the terms of this Consent Decree, it shall be provided to Cottonwood Creek, Inc. at the following addresses:

>   c/o Enduro Resources Partners, LLC
>   777 Main St. - Ste 800
>   Fort Worth, Texas 76102

9

    Attn: Kevin Smith; and

    Jessica Toll, Assistant General Counsel

    Kinder Morgan, Inc.

    370 Van Gordon Street, Lakewood, Colorado 80228-8304

    Facsimile: 303-914-7864

25. Any Party may, by written notice to the other Parties in accordance with this Section, change its designated notice recipient or notice address provided above.

### VIII. EFFECT OF SETTLEMENT/ RESERVATION OF RIGHTS

26. Entry of this Consent Decree and Defendant's full and satisfactory compliance with its requirements resolves the civil claims of the United States against the Defendant for the violations alleged in the Complaint filed in this action through Date of Lodging.

27. Notwithstanding Paragraph 26 above, the United States reserves, and this Decree is without prejudice to, its right to institute a claim against Defendant with respect to all matters other than those expressly specified in Paragraph 26 including, but not limited to, the following:

  a. claims based on failure of Defendant to meet a requirement of this Consent Decree;

  b. claims for criminal liability; and

  c. claims for natural resources damages (under the CWA, the Oil Pollution Act (OPA), the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), or other legal authority).

28. Plaintiff reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree. This Consent Decree shall not be construed to prevent or limit

the rights of the United States to obtain penalties or injunctive relief under any other federal or state law, regulations, or permit conditions, except as expressly specified herein.

29.     In any subsequent administrative or judicial proceeding reserved herein, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case. Except as provided herein, Defendant reserves its defenses to any such action.

30.     This Decree does not limit or affect the rights of the Plaintiff or Defendant against any third parties (parties not specifically part of this Decree), nor does it limit the rights of such third parties against Defendant except as provided by law.

31.     This Decree shall not be construed to create rights in, or grant any cause of action to, any third party that is not party to this Decree.

32.     Defendant hereby covenants not to sue and agrees not to assert any claims related to the violations alleged in the Complaint against the United States pursuant to the CWA, OPA, or any other federal law, state law, or regulation, including, but not limited to, any direct or indirect claims for reimbursement from the Oil Spill Liability Trust Fund, as defined in Section 1001(11) of OPA, 33 U.S.C. § 2701(11), or any direct or indirect claim for reimbursement from the Hazardous Substance Superfund (established pursuant to the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA Sections 106, 107, 111, 112, 113, 42 U.S.C. §§ 9606, 9607, 9611, 9612, and 9613, or any other provision of law.

## IX. COSTS

33.     Each Party shall bear its own costs in this action, including attorney's fees except that the United States shall be entitled to collect the costs of an action brought to enforce this Consent Decree, including attorney's fees, if the United States prevails in that action.

## MISCELLANEOUS PROVISIONS

34.     <u>Integration and Modifications</u>. This Consent Decree contains the entire agreement between the Parties with respect to the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of the Consent Decree. The terms of this Consent Decree may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to the Consent Decree, it shall be effective only upon approval by the Court.

35.     <u>Termination</u>. After Defendant has completed performance of all its obligations under this Consent Decree, including payment of civil penalties under Section V of this Decree (Payment of Civil Penalties) and payment of any Stipulated Penalties accrued under Paragraph 13, it may submit to the United States, in writing, a request for termination, stating that it has satisfied all requirements of the Decree along with all necessary supporting documentation. No later than one hundred and twenty (120) Days after receipt of Defendant's written request for termination, the United States shall advise Defendant in writing whether or not it agrees with the request for termination. If the United States agrees, the Parties shall submit, for the Court's approval, a joint stipulation for termination of the Decree. If the United States disagrees with the termination date as proposed by the Defendant, the Defendant may invoke dispute resolution pursuant to Section VI of this Decree, although such dispute resolution may not be initiated until sixty (60) Days after submittal of Defendant's request for termination.

36. <u>Retention of Jurisdiction</u>. The Court shall retain jurisdiction to resolve any disputes that arise under this Consent Decree pursuant to Section VI (Dispute Resolution) or to enter orders necessary to modify, effectuate, or enforce compliance with this Consent Decree.

37. <u>Public Participation</u>. The Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment, consistent with the procedures set forth in 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding this Consent Decree disclose facts or considerations indicating that this Consent Decree is inappropriate, improper or inadequate. Defendant agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree. Defendant consents to entry of this Consent Decree without further notice.

## X. SIGNATORIES/SERVICE

38. The undersigned representative(s) of each Party certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to the terms of this Consent Decree.

39. This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

40. Defendant agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to service of a summons.

## XI. FINAL JUDGMENT

41. Upon entry by this Court, this Consent Decree shall constitute a final judgment for purposes of Fed. R. Civ. P. 54 and 58.

42. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment.

This Consent Decree is dated and entered this \_\_\_\_ day of _____, 2015.

_____

United States District Judge

The undersigned party enters into this Consent Decree in the matter of United States v. Cottonwood Creek, Inc., subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR PLAINTIFF UNITED STATES OF AMERICA

*[signature]*

NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

*[signature]*

JOHN N. MOSCATO
Senior Counsel
Environment and Natural Resources Division,
  Environmental Enforcement Section
United States Department of Justice
999 18th Street, South Terrace - Suite 370
Denver, CO 80202
Telephone: (303) 844-1380


CHRISTOPHER A. CROFTS
United States Attorney

*[signature]*

NICHOLAS VASSALLO (WY Bar # 5-2443)
Assistant United States Attorney
District of Wyoming
Post Office Box 668
Cheyenne, Wyoming 82003
Telephone: (307) 772-2124
nick.vassallo@usdoj.gov

15

The undersigned party enters into this Consent Decree in the matter of United States v. Cottonwood Creek, Inc., subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR THE ENVIRONMENTAL PROTECTION AGENCY

_____
SUZANNE J. BOHAN
Assistant Regional Administrator
Office of Enforcement, Compliance
 and Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129

_____
SHELDON H. MULLER
Senior Attorney
Legal Enforcement Program
Office of Enforcement, Compliance and Environmental Justice
U.S. Environmental Protection Agency, Region 8
1595 Wynkoop Street
Denver, CO 80202-1129

The Undersigned party enters into this Consent Decree in the matter of United States v. Cottonwood Creek, Inc., subject to the public notice and comment requirements of 28 C.F.R. § 50.7.

FOR DEFENDANT COTTONWOOD CREEK, INC.

_____
DAVID R. DEVEAU, Vice President